LAKE SHORE & MICHIGAN SOUTHERN RY. CO. v. NEW YORK, CHICAGO
& ST. LOUIS RY. CO.

*(Circuit Court, W. D. Pennsylvania. September 5, 1881.)*

1. RAILROADS—EMINENT DOMAIN—LIMITATION.
    Land already acquired by one railroad corporation, and held for the necessary enjoyment of its essential franchises, cannot be condemned and appropriated in the usual way by another corporation.

2. SAME—ULTRA VIRES.
    A railroad can only acquire and hold an amount of real estate commensurate with its necessities.

3. SAME—SAME—PRESUMPTIONS.
    Whether or not this limit has been overstepped is a proper subject of judicial investigation, where the controversy before the court arises from an alleged encroachment by another corporation; but every reasonable intendment must be made in favor of the corporation that was the first to acquire title.

In Equity. *Sur* motion for a preliminary injunction.

ACHESON, D. J. At the late sitting of the circuit court at Erie, I heard and refused a motion for a preliminary injunction in this case. The importance of the controversy is such, however, that a reargument was allowed, and the case has been heard by the circuit judge and myself upon fuller proofs. Of these proofs, however, I may say that they consist in the main of *ex parte* affidavits, and in some particulars are less full than is desirable. For example, they afford little information as to the extent of the business done at Harbor Creek station. It is true, we have the opinions of respectable and intelligent witnesses as to the requirements of the plaintiff company at that point, but in matters of fact the affidavits are deficient.

In respect to the plaintiff's properties occupied, or proposed to be occupied, by the defendant at Twenty-mile Creek, Sixteen-mile Creek, the Brawley piece, and the gravel pit, we have had no difficulty in reaching a conclusion adverse to the plaintiff's application.

As to the wood-yard at Moorhead's, the case is not entirely clear. But as the answer and the affidavit of Mr. McGrath, the defendant's superintendent of construction, (as we understand them,) declare that the defendant does not intend to take up or remove either of the plaintiff's spur tracks at this place, or in any wise interfere with the plaintiff's use thereof, we think that the present proofs do not make out such a case as calls for a preliminary injunction. At the final hearing, with all the evidence regularly taken before us, we can more intelligently and safely determine the rights of the parties.

With some hesitation we announce a similar conclusion in respect to the land at Harbor Creek station. I myself entertain serious doubt whether any portion of the plaintiff's land at this point is open to appropriation by the defendant. But, for lack of complete information, my mind has not reached a settled conviction. If the right of appropriation exists, it certainly ought to be exercised so as to avoid all unnecessary injury to the plaintiff. The defendant's line, as located, divides the plaintiff's property, cutting off a strip of 41 feet in width along Boynton's line. If there is no engineering difficulty or other obstacle in the way, the defendant had better consider whether it ought not to shift its location down to Boynton's line, and thus leave the plaintiff additional available space south of its southerly track.

Upon the whole case as now presented, and after a careful consideration thereof, the court is of opinion that the motion for a preliminary injunction should be denied. And it is so ordered.

McKENNAN, C. J., *concurring.* The opinion of Judge Acheson announces the decision of the court on the motion for a preliminary injunction in this case. The motion was argued before him alone at Erie, and was then denied; but as he assented to the request of counsel for a reargument, and desired me to be present at it, I consented to sit with him merely that I might render him, by conference and suggestion, such assistance as I could, leaving still with him the ultimate burden of responsible decision. I concur with him in the denial of the motion, and in the reasons given for it.

It is undoubtedly true that the real estate acquired by a railroad corporation by purchase or condemnation, and held for the necessary enjoyment of its essential franchises, cannot be taken from it by another corporation by the usual method of appropriation. But I do not agree with the argument that the extent of such acquisition is conclusively determinable by the directors of the corporation, and that the exercise of their power in this connection is questionable only on the ground of bad faith, as the equivalent of fraud. The power of acquisition is limited by the necessary wants of the corporation, and an exercise of it beyond this limit is not within its protection. I see no reason, then, why this limitation of the power of a corporation to acquire and hold real estate is not as proper a subject of judicial inquiry, where alleged encroachments by another corporation are to be determined, as the existence of the power itself. Upon the result of such an inquiry the decision of this case depends. In finally dispos-

ing of it, every reasonable intendment must be made in favor of the primary rights of the complainant. At the points of the alleged conflict, no actual encroachment upon these rights can be sanctioned or allowed; and in measuring their extent there must be a liberal consideration of the future as well as the present necessities of the complainant, touching the use of the existing tracks, the construction of additional ones, the convenient storage of its freight at all seasons, and the unembarrassed transaction of its freight business.

In view of these considerations, the suggestion of Judge Acheson has great force, that it might be most prudent on the part of the respondent to modify its location at Moorhead's and Harbor Creek.